J-S94043-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| CHAD EARL FRANTZ | |
| Appellant | No. 702 MDA 2016 |

Appeal from the Judgment of Sentence March 9, 2016
in the Court of Common Pleas of Lancaster County Criminal Division
at No(s): CP-36-CR-0002297-2015

BEFORE: LAZARUS, RANSOM, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED APRIL 24, 2017**

Appellant, Chad Earl Frantz, appeals from his judgment of sentence of thirty and one-half to sixty-one years' imprisonment for rape,[1] involuntary deviate sexual intercourse ("IDSI"),[2] indecent assault,[3] aggravated indecent assault,[4] unlawful restraint,[5] corruption of minors[6] and unlawful contact with

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

[2] 18 Pa.C.S. § 3123(b).

[3] 18 Pa.C.S. § 3126(a)(7).

[4] 18 Pa.C.S. § 3125(b).

[5] 18 Pa.C.S. § 2902.

[6] 18 Pa.C.S. § 6301(a)(1).

a minor.[7]  Appellant contends that the evidence is insufficient to support his conviction for indecent assault on Count Nine of the criminal information, and that his sentence for indecent assault on Count Four is illegal.  We reverse the conviction on Count Nine but otherwise affirm the judgment of sentence.

A recitation of the facts is unnecessary for this appeal.  Suffice to say that Count Four of the information charged Appellant with indecent assault for making the minor victim touch his penis with her hands on multiple occasions between 2006 and 2009.  Count Nine charged Appellant with indecent assault for making the victim touch his penis with her hands on multiple occasions between 2003 and 2005.

A three-day jury trial took place from November 30, 2015 to December 2, 2015.  At the conclusion of trial, the jury found Appellant guilty on all counts in the information.  The parties and the trial court agree, however, that there was no evidence that Appellant made the victim touch his penis between 2003 and 2005.  Trial Ct. Op., 6/13/16, at 4-5; Appellant's Brief at 13-14; Commonwealth's Brief at 9-10.

At sentencing on March 9, 2016, the trial court wrote on the sentencing order that Count Four was an "M1," *i.e.*, a first degree misdemeanor.  The court sentenced Appellant to (1) eight to sixteen years' imprisonment on his conviction for rape on Count One, (2) a consecutive

---

[7] 18 Pa.C.S. § 6318.

term of eight to sixteen years' imprisonment for IDSI on Count Two, (3) one to two years' imprisonment on Count Four, and (4) one to two years' imprisonment on Count Nine. The court ordered the sentences on Counts Four and Nine to run concurrently with Appellant's other sentences, including Counts One and Two. Appellant filed timely post-sentence motions, which were denied, and a timely appeal. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises two issues in this appeal:

> I. Was the evidence presented by the Commonwealth insufficient to sustain [Appellant]'s conviction for indecent assault [in C]ount [N]ine, where there was no evidence offered that between 2003 and 2005, [Appellant] did "touch the actor's penis with the victim's hands on multiple occasions [?]"
>
> II. Was the evidence presented by the Commonwealth insufficient to sustain [Appellant]'s conviction for indecent assault [in C]ount [F]our, graded as a third-degree felony, where there was evidence of only a single incident in which [Appellant] put his penis in the victim's hand; thus, [Appellant] should only have been convicted of indecent assault as a first-degree misdemeanor?

Appellant's Brief at 6.

Appellant first argues that the evidence is insufficient to sustain his conviction for indecent assault on Count Nine, because there was no evidence that the victim's hands touched Appellant's penis between 2003 and 2005. We agree.

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial the in the light most favorable to the verdict

winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the finder of fact [,] while passing upon the credibility of witnesses and the weight of the evidence produced is free to believe all, part or none of the evidence.

***Commonwealth v. Talbert***, 129 A.3d 536, 542-43 (Pa. Super. 2015), *appeal denied*, 138 A.3d 4 (Pa. 2016) (citation omitted).

"A person is guilty of indecent assault if the person has indecent contact with the complainant [or] causes the complainant to have indecent contact with the person . . . for the purpose of arousing sexual desire in the person or the complainant[.]" 18 Pa.C.S. § 3126(a). The legislature defines "indecent contact" as "[a]ny touching of the sexual or other intimate parts of the person for the purpose of arousing or gratifying sexual desire, in any person." 18 Pa.C.S. § 3101.

Count Nine of the information charged Appellant with making the victim touch Appellant's penis between 2003 and 2005. The Commonwealth and the trial court agree, however, that there was no evidence that the

- 4 -

victim touched Appellant's penis between 2003 and 2005. Our review confirms this point. Accordingly, we reverse Appellant's conviction on Count Nine.

In his second issue, Appellant argues that his sentence for indecent assault on Count Four is illegal, because the trial court sentenced him as a third degree felon even though he was only guilty of a first degree misdemeanor. Appellant observes that when, as here, the complainant is less than thirteen years old, indecent assault is graded as a first degree misdemeanor

> unless any of the following apply, in which case it is a felony of the third degree:
>
> (i) It is a second or subsequent offense.
>
> (ii) There has been a course of conduct of indecent assault by the person.
>
> (iii) The indecent assault was committed by touching the complainant's sexual or intimate parts with sexual or intimate parts of the person.
>
> (iv) The indecent assault is committed by touching the person's sexual or intimate parts with the complainant's sexual or intimate parts.

18 Pa.C.S. § 3126(b)(3). Appellant contends that the Commonwealth failed to prove that any of these aggravating circumstances occurred between 2006 and 2009. We conclude that this issue is moot.

Preliminarily, we note that Appellant did not raise this issue in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Nevertheless, we decline to find this issue waived, because it involves the legality of Appellant's sentence. *See Commonwealth v. Dickson*, 918 A.2d 95, 99 (Pa. 2007) ("[I]f the sentence clearly implicates the legality of sentence, whether it was properly preserved below is of no moment, as a challenge to the legality of sentence cannot be waived."); *Commonwealth v. Pantalion*, 957 A.2d 1267, 1271 (Pa. Super. 2008) (claim that court improperly graded offense for sentencing purposes implicates legality of sentence) (citations omitted). Nevertheless, Appellant cannot obtain relief. The sentencing order classifies this offense as a first degree misdemeanor, not as a third degree felony. Moreover, the trial court sentenced Appellant to one to two years' imprisonment, well within the maximum sentence for a first degree misdemeanor. *See* 18 Pa.C.S. § 1104(1) (establishing maximum sentence of five years' imprisonment for first degree misdemeanor). In short, this issue is moot because the trial court has already given Appellant the relief that he requests.

Accordingly, we affirm Appellant's convictions on all counts of the information except for Count Nine, which must be reversed. Reversal of this conviction, however, does not upset Appellant's sentencing scheme, because his sentence on Count Nine ran concurrently with his other sentences. Thus, it is not necessary to remand this case for resentencing.

Conviction on Count Nine reversed.  Judgment of sentence otherwise affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/24/2017